IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **CHARMAINE REYNOLDS, et al.,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| v. | * | Civil Action No.: CBD-15-2021 |
| | * | |
| **SOLO & AD, INC., et al.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |
| | * | |
| | * | |
| | ***** | |

## MEMORANDUM OPINION

Before this Court is Defendants Solomon Abdella and Alganesh Debesai's Motions to Dismiss (ECF Nos. 10, 11)[1] ("Defendants' Motions") and the opposition thereto. The Court has reviewed Defendants' Motions, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court **DENIES** Defendants' Motions.

I.      **Factual Background**

Plaintiff Charmaine Reynolds and Michelle Donofrio ("Plaintiffs") worked as bartenders at the Ethiopian restaurant Defendants Solomon Abdella and Alganesh Debesai ("Defendants") own and operate in Silver Spring, Maryland. Pl.'s Compl. 2, 3. Defendants jointly own Solo & AD, Inc., and exercise exclusive control and authority over its business operations, including its

---

[1] Defendants Solomon Abdella and Alganesh Debesai filed separate, but similar, motions to dismiss (ECF Nos. 10, 11), and subsequently filed a joint reply (ECF No. 16), to Plaintiff's opposition (ECF No. 14). In light of the overlap, the Court addresses both motions simultaneously.

pay practices and its employees' work schedules.  Pl.'s Compl. 3.  Plaintiff Reynolds allegedly worked with Defendants from approximately April 1, 2013 through approximately April 31, 2015.[2]  Pl.'s Compl. 3.  Plaintiff Donofrio allegedly worked with Defendants from approximately July 25, 2013 through approximately August 29, 2013.  *Id*.

Plaintiffs allege that prior to April 1, 2015, Defendants did not pay Plaintiffs any wages, and that after this date, Defendants compensated Plaintiffs by permitting them to keep a portion of their tips.  Pl.'s Compl. 4.  Plaintiff Reynolds alleges that she worked approximately 3,467.12 hours without receiving wages, while Plaintiff Donofrio alleges that she worked approximately 198.80 hours without receiving wages.  *Id*.  Plaintiffs also allege that they worked overtime hours and were not compensated.  Pl.'s Compl. 5.

Plaintiffs filed a Complaint alleging three counts against Defendants: (1) Count I for failure to pay minimum and overtime wages under the Fair Labor Standards Act ("FLSA"); (2) Count II for failure to pay minimum and overtime wages under the Maryland Wage and Hour Law ("MWHL"); and (3) Count III for failure to pay minimum wages under the Maryland Wage Payment and Collection Law ("MWPCL").

**II.     Standard of Review**

A motion to dismiss under Rule 12(b)(6) challenges the adequacy of the complaint and "constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law 'to state a claim upon which relief can be granted.'"  *See Stewart v. Bierman*, 859 F. Supp. 2d 754, 758 (D. Md. 2012) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999)); *Ford v. Karpathoes*, No. ELH–14–00824,

---

[2] Although Plaintiff Reynolds alleges she worked with Defendants until approximately April 31, 2015, the Court notes that the month of April does not have thirty-one (31) days.

2014 WL 6621997, at *2 (D. Md. Nov. 20, 2014). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. In other words, the complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 570; *see Iqbal*, 556 U.S. at 684; *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011).

In reviewing a Rule 12(b)(6) a motion, a court "'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989)(citing *District 28, United Mine Workers of America, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979)). Legal conclusions couched as factual allegations are

insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). A Rule 12(b)(6) motion will be granted if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679 (citation omitted). A motion asserting failure to state a claim typically "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses," *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999) (quotation marks omitted), unless such a defense can be resolved on the basis of the facts alleged in the complaint. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc).

### III.   Analysis

In their motions, Defendants argue that the Court should grant Defendants' Motions under Rule 12(b)(6) because Plaintiffs seek to pierce the corporate veil and hold Defendants liable for unpaid wages, without alleging that piercing the corporate veil is necessary because of Defendants' fraud or to enforce paramount equity. Def.'s Mot 1. In response, Plaintiffs argue that "a piercing of the corporate veil analysis is completely irrelevant" because individuals may be liable under the FLSA, MWHL, and MWPCL when they exercise sufficient control over the employment relationship. Pl.'s Opp'n 3. Specifically, Plaintiffs argue that under the economic reality test, which identifies when someone is an "employer" under the FLSA and the MWHL, Defendants are liable. Pl.'s Opp'n 3-4. In their reply, Defendants reiterate that in order for an individual to be held personally liable, and the corporate veil of limited liability to be disregarded, Plaintiffs must first allege that piercing the corporate veil is necessary as a result of Defendants' fraud or to enforce paramount equity. Def.'s Reply 1. Defendants note that since

Plaintiffs' Complaint lacks any allegations of fraud, or that piercing the corporate veil is necessary to enforce a paramount equity, then the Court must grant their motion. Def.'s Reply 2. As set forth below, Defendants' basis for their motions is meritless.

Defendants' sole basis for their motions is that Plaintiffs seek to pierce the corporate veil and hold Defendants personally liable without alleging fraud or the enforcement of paramount equity. The Court holds that to survive this Rule 12(b)(6) motion to dismiss, Plaintiffs only have to allege sufficient facts from which it could be inferred that Defendants are "employers" under the FLSA, MWHL, and MWPCL. Plaintiffs do not need to allege facts showing that piercing the corporate veil is necessary. *See, e.g.*, *Iraheta v. Lam Yuen LLC*, No. DKC–12–1426, 2012 WL 5995689, at *4 (D. Md. Nov. 29, 2012) (holding that individual defendants could be found liable as "employers" under the FLSA, MWHL, and MWPCL, and denying the defendants' motion to dismiss based on the argument that they were individuals who could not be held personally liable under general principles of Maryland corporation law); *Guzman v. D & S Capital LLC*, No. 14–CV–01799, 2015 WL 772797, at *4 (D. Md. Feb. 20, 2015) (holding that the defendants' ". . . argument that Plaintiff needs to pierce the corporate veil to have them qualify as employers under the FLSA lacks merit."); *Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 416 (D. Md. 2013) ("It is well settled that an individual may qualify as an employer and face liability under the FLSA."); *Pearson v. Prof'l 50 States Protection, LLC*, No. RDB–09–3232, 2010 WL 4225533, at *4 (D. Md. Oct. 26, 2010) (collecting cases).

The FLSA generally requires employers, among other things, (1) to pay their employees in accordance with applicable minimum wage rates, and (2) to provide their employees with overtime compensation for all hours worked in excess of a forty-hour workweek. *See* 29 U.S.C.

§§ 206-207. Under the FLSA, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id*. § 203(d). The definition of "employer" should "be interpreted broadly to achieve Congress's intent to provide a remedy to employees for their employers' wage and hour violations." *Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 890 (D. Md. 2011). This does not mean however, that it should be inferred that Congress intended to disregard the liability shield that individuals benefit from when they do business in a corporate form. *See Caseres v. S & R Mgmt. Co., LLC*, No. 12–cv–01358–AW, 2012 WL 5250561, at *3 (D. Md. Oct. 24, 2012) (citing *Gray v. Powers*, 673 F.3d 352, 356 (5th Cir. 2012)). Instead, "an individual's status as a high-level corporate shareholder or officer does not automatically impart 'employer' liability to that individual, as individual liability 'is dictated by the economic reality of the employment relationship.'" *Id*. (citing *Pearson v. Prof'l 50 States Prot., LLC*, No. RDB–09–3232, 2010 WL 4225533, at *4 (D. Md. Oct. 26, 2010)).

To determine whether an individual is an "employer" under the FLSA, courts analyze the economic realities of the relationship between the employee and the presumed employer. *See Schultz v. Capital Intern. Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006). "The focal point is whether the worker is economically dependent on the business to which he renders service or is, as a matter of economic [reality], in business for himself." *Id*. Under the economic reality test, an "employer" is someone who (1) has the authority to hire and fire employees; (2) supervises and controls work schedules or employment conditions; (3) determines the rate and method of payment; and (4) maintains employment records. *Caseres*, 2012 WL 5250561, at *3. Courts also look to "the person's job description, his or her financial interest in the enterprise, and

whether or not the individual exercises control over the employment relationship." *Id*. (citing *Gionfriddo*, 769 F. Supp. 2d at 890 (D. Md. 2011)). "No single factor in the economic reality test is dispositive, and courts should consider the totality of the circumstances." *Id*.

The MWHL is the state's equivalent of the FLSA. *See Watkins v. Brown*, 173 F. Supp. 2d 406, 416 (D. Md. 2001). The MWHL and the FLSA have a similar purpose, which is to provide a minimum wage and maximum hours for employees. *Id*. Under the MWHL, the definition of "employer" is similar to the definition in the FLSA. *See* Md. Code, Lab. & Empl., § 3–401(b) ("'Employer' includes a person who acts directly or indirectly in the interests of another employer with an employee."). Similar to the FLSA, to determine whether a particular person is an "employer" under the MWHL, courts apply the economic reality test. *Khalil v. Subway at Arundel Mills Office Park, Inc.*, No. CCB–09–158, 2011 WL 231793, at *2 (D. Md. Jan. 24, 2011).

The MWPCL requires employers to pay accrued wages to employees upon termination of employment. *See* Md. Code, Lab. & Empl., § 3–505. The MWPCL defines "employer" as "any person who employs an individual in the State or a successor of the person." *Id*. § 3–501(b). This definition of "employer" is more restrictive that the definition in the FLSA and the MWHL. *See Watkins*, 173 F. Supp. 2d at 416. Specifically, "[t]he MWPCL does not contain a . . . provision that explicitly expands employer liability to those acting on behalf of the employer." *Id*. "[A]n 'employer' under the MWPCL has the 'commonly understood meaning of the term . . ., which contemplates some sort of contractual relationship involving the payment of wages in exchange for services.'" *Caseres*, 2012 WL 5250561, at *4 (citing *Watkins*, 173 F. Supp. 2d at 414). "Courts analyzing the MWPCL have rejected any interpretation that would encompass supervisors, officers, or other agents acting on behalf of the corporate employer." *Id*.

The Complaint in this case contains sufficient facts to state a plausible claim against Defendants as "employers" under the FLSA, MWHL, and MWPCL. The Complaint alleges that Defendants jointly own Solo & AD, Inc., and that they exercise exclusive control and authority over Solo & AD, Inc.'s business operations. Pl.'s Compl. 3. Through Solo & AD, Inc., Defendants own and operate an Ethiopian restaurant known as Abyssinia Restaurant. *Id*. The Complaint alleges that Defendants hired Plaintiffs as bartenders and had the power to fire Plaintiffs. Pl.'s Compl. 3, 6. It also alleges that Defendants supervised Plaintiffs in the performance of their job duties, and had the power to set Plaintiff's rate of pay and work schedules. Pl.'s Compl. 3, 6. Plaintiffs alleges that Defendants did not maintain true and accurate records of each hour, day, and week Plaintiffs worked, or of how much Plaintiffs were paid. Pl.'s Compl. 6. Plaintiffs also allege that Defendants failed to pay them wages, including overtime wages, for almost the entirety of their employment. Pl.'s Compl. 2, 5.

In support of their motion, Defendants cite to cases from the Maryland Court of Appeals which are inapposite. Def.'s Mot 3-4; Def.'s Reply 1-2. While these cases address the analysis the court follows to determine whether it is appropriate to pierce the corporate veil, these cases do not hold that piercing the corporate veil is necessary to find Defendants liable under the FLSA, MWHL, and MWPCL. Viewing the Complaint in the light most favorable to Plaintiffs, the allegations state a plausible claim for relief. Defendants could be found individually liable as "employers" for violating minimum wage and overtime provisions under the FLSA and the MWHL. Defendants could also be found liable for violating the provisions under the MWPCL requiring prompt payment of wages upon termination. Accordingly, Defendants' Motions are denied.

## IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' Motions.

October 2, 2015                                                                    /s/
                                                                          Charles B. Day
                                                                          United States Magistrate Judge

CBD/yv